**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**

**CASE NO. 26-62186-CIV-DAMIAN**

**VICTOR RAUL DOVALE-LOZANO,**
***by and through his next friend,***
**JESCENIA EMPERATRIZ DOVALE DEL TORO,**

Petitioner,

v.

**BROWARD TRANSITIONAL CENTER**,

Respondent.
_______________________________________/

**ORDER DENYING PETITION FOR WRIT OF HABEAS CORPUS**

**THIS CAUSE** is before the Court upon Petitioner, Victor Raul Dovale-Lozano's ("Petitioner"), Petition for Writ of Habeas Corpus [ECF No. 1 ("Petition")], filed on August 7, 2026. Respondents filed a Response to this Court's Order to Show Cause [ECF No. 6]. [ECF No. 7 ("Response")]. Petitioner did not file a Reply.

THE COURT has reviewed the Petition, the Response, relevant legal authorities, and the pertinent portions of the record and is otherwise fully advised.

## I. BACKGROUND

The background relevant to Petitioner's immigration status and proceedings before the Immigration Court is set forth in the parties' submissions. *See generally* Pet., Resp.

In brief, Petitioner is a citizen of Venezuela who is currently detained by Immigration and Customs Enforcement ("ICE") at Broward Transitional Center. He entered the United States at or near Andrade, California, on or about September 1, 2021, and he has remained in the country since that time. [ECF No. 7-1 ("Notice to Appear")]. On July 22, 2026, Petitioner was detained by ICE, and on July 31, 2026, an Immigration Judge ("IJ") conducted

a bond hearing pursuant to 8 U.S.C. § 1226(a). Resp. at 1-2. Petitioner was represented by counsel at the bond hearing. *Id.* The IJ denied bond and stated that Petitioner "failed to demonstrate that they do not present a flight of risk. *See Matter of Guerra*, 24 I&N Dec. 37, 40 (BIA 2006), *Matter of R-A-V-P-*, 27 I&N Dec. 803 (BIA 2020), and *Matter of A-L-S-*, 29 I&N Dec. 794 (BIA 2026)." [ECF No. 7-2 ("IJ Order")].

There is no indication in the record if Petitioner has any pending applications for immigration relief, but his removal proceedings are pending.

In the Petition before this Court, Petitioner argues, generally, that he is entitled to release because he has lived in the United States for five years, complied with all immigration requirements and appeared at every scheduled appointment, and because he suffers from medical issues that are exacerbated in detention. *See* Pet. at 6-7. Respondents, on the other hand, argue that the issues raised in the Petition fall squarely within the Immigration and Nationality Act's ("INA") provision stripping district courts of jurisdiction to review discretionary judgments of immigration officials, because Petitioner was afforded a bond under 8 U.S.C. § 1226. As stated above, Petitioner did not file a Reply. *See* ECF No. 6 at 3 (permitting Petitioner to file a Reply within five days of the date the Response is filed).

## II. DISCUSSION

Because Petitioner's challenge to his detention is, at bottom, a request to overrule the IJ's ruling that Petitioner shall be detained without bond, this Court construes the Petition as a challenge to the IJ Order and agrees with Respondents that it lacks authority to overturn the bond decision and provide Petitioner the relief he seeks. Section 1226's jurisdiction-stripping provision reads:

> The Attorney General's discretionary judgment regarding the application of [§ 1226] shall not be subject to review. No court may set aside any action or

> decision by the Attorney General under this section regarding the detention or release of any alien or the grant, revocation, or denial of bond or parole.

8 U.S.C. § 1226(e). This provision strips federal courts of authority to review "a discretionary judgment by the Attorney General or a decision that the Attorney General has made regarding [a noncitizen's] detention or release." *Jennings v. Rodriguez*, 583 U.S. 281, 295 (2018) (quotations omitted); *see also Mayorga v. Meade*, No. 24-CV-22131, 2024 WL 4298815, at *8 (S.D. Fla. Sept. 26, 2024) (Bloom, J.) ("[T]his Court does not have jurisdiction to review the decision of the immigration judge to deny Petitioner bond[.]"). The remedy for alleged errors by an immigration judge in a bond denial is by way of appeal of the decision to the Board of Immigration Appeals pursuant to the normal appellate procedures. Petitioner seems to have made a strategic decision to file this Petition rather than appeal the IJ Order, but that does not change that this Court lacks jurisdiction to review the IJ Order. *See* Pet. at 8 ("I did not present all these grounds in an administrative appeal because, after consulting with legal counsel, I decided not to appeal the Immigration Judge's bond decision.").

This Court acknowledges that courts have determined, in some isolated circumstances, that subjecting a noncitizen to a sufficiently deficient immigration bond hearing may create a constitutional deprivation that evades the Section 1226(e) bar. *See, e.g.*, *Castillo v. Field Office Dir.*, No. 25-25296-CV, 2025 WL 4689387, at *5-6 (S.D Fla. Dec. 19, 2025) (Williams, J.) (finding bond hearing process inadequate because IJ considered DHS's counsel's allegations without any supporting evidence and considered evidence of danger that came in through "a vague, unsworn hearsay statement," plus the IJ admitted he did not have time to review the material that had been filed or prepare); *Lopez v. Paulk*, No. 26-cv-00029, 2026 WL 961948, --- F. Supp. 3d --- (M.D. Ga. 2026) (finding bond hearing was constitutionally suspect where the IJ did not address any facts or individual circumstances

specific to that petitioner); *D.Y.E.H. v. Warden, Irwin Det. Ctr.*, No. 25-cv-201, 2026 WL 1230386, at *5 (M.D. Ga. Apr. 6, 2026) (concluding that bond decision based on flight risk did not comport with due process because DHS presented no evidence from which flight risk could be adduced and the topic of flight risk was not discussed at all during the hearing); *Rubio v. Hardin*, 2026 WL 1390984, at *2 (M.D. Fla. May 19, 2026) (finding that petitioner was deprived of an individualized bond hearing because the IJ explicitly refused to review the petitioner's extensive evidentiary record).

However, the record before this Court does not show that the IJ failed to give Petitioner adequate process due under the U.S. Constitution or that there are any other circumstances indicating that Petitioner is entitled to relief here. The IJ referenced the correct legal standard, *Matter of Guerra*, 24 I&N Dec. 37 (BIA 2006), and while she did not cite specific facts from Petitioner's immigration file, there is nothing in the record before this Court to indicate that the bond hearing as a whole was deficient. *See* IJ Order. The burden is on the Petitioner to show that the hearing did not comport with fundamental due process, and without any specific allegations of what occurred during the bond hearing and/or an accompanying transcript, there is no basis for this Court to conclude that the bond hearing was anything other than adequate.

Lacking any basis in the record indicating that Petitioner's July 31, 2026 bond hearing was constitutionally infirm, this Court concludes that its hands are tied by the Section 1226(e) bar because Petitioner is challenging the discretionary judgment of the IJ, with which this Court will not interfere. *See Villanueva v. Guthrie*, No. 26-cv-1294-KCD-NPM, 2026 WL 1379033 (M.D. Fla. May 18, 2026) (denying petition due to section 1226(e) bar where the petitioner "attempts to dress up his disagreement with the immigration judge's weighing of the evidence as a constitutional claim").

## III. CONCLUSION

Accordingly, for the reasons set forth above, it is hereby

**ORDERED AND ADJUDGED** that the Petition [**ECF No. 1**] is **DENIED.** This case shall be **CLOSED** and all pending motions are **DENIED AS MOOT**.

**DONE AND ORDERED** in Chambers in the Southern District of Florida, this 8th day of September, 2026.

**MELISSA DAMIAN**
**UNITED STATES DISTRICT JUDGE**

cc: Counsel of Record

Victor Raul Dovale-Lozano, *Pro Se*
A# 220326034
Broward Transitional Center
Inmate Mail/Parcels
3900 North Powerline Road
Pompano Beach, FL 33073

Jescenia Emperatriz Dovale Del Toro, Next Friend
4601 NW 183 St., Apt. K-9
Miami Gardens, Florida 33055